DECISION
Plaintiff-appellant, Maria Georgeadis, appeals from a judgment entry of the Franklin County Court of Common Pleas determining her to be a "vexatious litagator" pursuant to R.C.2323.52.
Appellant filed her pro se complaint against appellees D.R. Grading Excavating, Inc. and William Dials. This represented the latest chapter in a long saga of litigation brought by appellant who seeks to recover under various theories, for damages allegedly caused by appellees' construction of a house adjacent to appellant's home.
Appellant's latest complaint alleged various errors in prior grants of summary judgment to appellees in a number of antecedent cases. The matter was initially assigned to Judge Hogan, then reassigned to Judge Cain (who had heard several of the prior related cases) because the matter was determined to be a re-filed case. The trial court granted appellees' motion to dismiss by judgment entry dated October 18, 1998, on the basis of res judicata and failure to state a claim. The judgment entry contained final appealable order language pursuant to Civ.R. 54(B). Appellant attempted to appeal the dismissal of her claims to this court, and we subsequently dismissed the appeal by judgment entry dated January 11, 1999, for failure to file a timely notice of appeal. A subsequent motion for reconsideration of our dismissal was overruled in Georgeadisv. Dials (Mar. 31, 1999), Franklin App. No. 98AP-1456, unreported (Memorandum Decision)
Appellees' counterclaim to have appellant declared a vexatious litagator remained pending in the trial court. On January 21, 1999, the trial court rendered a decision finding that "plaintiff habitually, persistently, and without reasonable grounds engaged in `vexatious conduct.' Plaintiff's conduct amounts to harassment of defendants in violation of R.C.2323.52(A)(2)(a), and plaintiff falls within the definition of `vexatious litagator' as defined in R.C. 2323.52(A)(3)." (Trial Court Decision at 4.) The court therefore ordered that appellant be prohibited from instituting new legal proceedings, or continuing any pending legal proceedings in any state court of Ohio without first applying to the Franklin County Court of Common Pleas for leave to proceed.
Appellant timely appealed the trial court's decision. While appellant's brief upon appeal (even having benefited from the opportunity to file a corrected brief) in many ways fails to comply with the appellate rules, thirteen numbered paragraphs towards the end of appellant's brief can be reasonably interpreted as constituting assignments of error in conformance with App.R. 16. Redaction of unrelated argument interwoven with less-than-coherent allegations of corruption against the trial judge leaves us with the following assignments of error to be addressed in this appeal:
 1. The trial court erred in its opinion by confusing my legal plight to be compensated for the horrendous injuries I sustained, as a vexatious litigant.
 2. Other than the main case, 96 CVH 05 3922, all cases were dismissed on a illegitimate and evil motion for dismissal, Civ.R. 12(B).
 3. The trial court erred in granting all of these dismissals on the defendants' illegitimate Motions to Dismiss.
 4. The trial court erred on its claim that on January 11, 1999, that the Franklin County Court of Appeals dismissed Plaintiff's appeal, to this Court's Decision granting Defendants' Motion to Dismiss [sic]. The appeals court dismissed the appeal on the decision that Plaintiff did not file her Notice of Appeal on time, which Plaintiff filed a Motion to Reconsider and that decision is still pending. Therefore, the Appeals court did not grant Defendant's Motion to Dismiss.
 5. The Trial Court erred in its opinion that Plaintiff fits the description of a vexatious litigant, and the existing law that presents a good faith argument for modification or reversal is Civ.R. 12(B), herein stated.
 6. The trial Court erred that Plaintiff has relitigate claims in disrespect of the Court's final adjudication of her claims. Each case filed was on separate and different claims on new discoveries as stated herein in the Statement of the Cases, and each case was dismissed by the trial court on a illegitimate Motion to Dismiss.
 7. The trial Court erred in its opinion that Plaintiff misinterprets the definition of "vexatious conduct." The legal purpose of Plaintiff's litigations was for the sole purpose to be compensated for her damages, in which she is legally entitled. It is the Trial Court that misinterprets Plaintiff's actions.
 8. The trial court erred in its opinion that Plaintiff has repeatedly exercised her constitutional right to her claims. All of Plaintiff's claims are separated and different issues, on new discoveries, and none has repeated claims and issues, as clearly stated in the Statement of the Cases herein.
 9. The Trial Court erred, that this court and the several other courts, issued final decisions on Plaintiff's claims. All of these Court's dismissal decisions were made from a illegitimate Motions to Dismiss, Civ.R. 12(B) stated herein.
 10. The trial Court erred in its opinion that Plaintiff continues filing law suits at her leisure. Filing law suits is not a leisure, it is plain hard work. And this Court has spoken on illegitimate Motions to Dismiss, disregarding Plaintiff's civil rights to laws and procedural rules that are suppose to protect her law suits.
 11. The Trial Court erred in its opinion that Plaintiff disregards legal principles such as res judicata and collateral estoppel. Each law suit involves separate and different claims and issues, on new discoveries, which Plaintiff is entitled to compensation. * * *
 12. The Trial Court's astronomical number of illegitimate dismissals with this litigant is reasonable cause for recusal.
 13. The trial court blackened Plaintiff's eye in its criticism that Plaintiff has for six or seven years filed about eight original cases. * * *
Appellant's assignment of error will be addressed out of numerical order for ease of discussion. Appellant's fourth assignment of error concerns our prior dismissal as untimely of her attempt to appeal the trial court's judgment of October 18, 1998, which dismissed her claims against appellees. Appellant's present appeal concerns only the February 5, 1999 judgment finding her to be a vexatious litigator. Issues related to appellant's previous and distinct notice of appeal from a different judgment are not properly before us and appellant's fourth assignment of error is accordingly overruled.
Appellant's second, third, and ninth assignments of error primarily address the propriety and legality of previous dismissals which appellant has suffered in the course of the barrage of repetitive lawsuits brought by her antedating the present litigation. Issues relating to previous cases are, again, not properly before us in this appeal, and appellant's second, third, and ninth assignments of error are without merit and are overruled.
Appellant's twelfth assignment of error addresses the trial judge's refusal to recuse himself from the present litigation. As stated above, appellant's brief in the present matter, as well as in other matters contained in the record, reflect her widespread belief that the judicial system, in general, is corrupt and biased against her. However, appellant can credibly point to no specific instance of conduct by Judge Cain, nor any general trend of conduct over the course of litigation, which would demonstrate prejudice or other grounds supporting recusal. Repeated dismissal, on the basis of res judicata, of nonviable claims brought by a plaintiff is not of itself evidence of bias or prejudice on the part of the trial court, particularly where the record substantiates the trial court's assessment of the actions' merit. We, therefore, find no basis for Judge Cain to have recused himself, and appellant's twelfth assignment of error is overruled.
Appellant's first, fifth, sixth, seventh, eighth, tenth, eleventh and thirteenth assignments of error, on various terms and theories, attack the trial court's finding that she is a vexatious litigator pursuant to R.C. 2323.52, which provides in pertinent part:
 (2) "Vexatious conduct" means conduct of a party in a civil action that satisfies any of the following:
 (a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action.
 (b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
* * *
 (3) "Vexatious litigator" means any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. * * *
We agree with the trial court that appellant fits the definition of a vexatious litigator under the statute, and that appellant's vexatious conduct is amply demonstrated by this and prior actions. The time to argue and reargue the merits of appellant's initial gravamen has long since passed; this and preceding actions filed by appellant represent indisputable attempts to relitigate matters which have been decided and reiterated to the complete exhaustion of judicial process. Apparently, no other means to stem the flow of repetitive lawsuits exist other than to declare appellant a vexatious litigator and impose the appropriate limitations on her litigious conduct. Appellant's only justification for her persistent attempt to relitigate long-settled matters is that she is a "fighter." While this may be patently true, it is no justification for continued litigious conduct which serves no purpose other than the continued harassment of appellees. Appellant advances no basis to distinguish her conduct from that defined in R.C. 2323.52, nor can our independent examination of the filings of record in this matter allow us to find such a distinction. The trial court therefore did not err in declaring appellant a vexatious litigator. Appellant's first, fifth, sixth, seventh, eighth, tenth, and eleventh assignments of error are overruled.
In summary, and in accordance with the foregoing, appellant's thirteen assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas finding appellant to be a vexatious litigator under R.C. 2323.52 is affirmed.
Judgment affirmed.
TYACK and PETREE, JJ., concur.